Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
Cmulhollandesq@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANIBAL SIGARAN,

<i>Plaintiff</i>,

-against-

BLAGGARDS III RESTAURANT CORP.,
WILLIAM LYNCH A/K/A LIAM LYNCH and
MICHAEL O'CONNOR

<i>Defendants.</i>

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:** 23-cv-11046

ANIBAL SIGARAN ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against BLAGGARDS III RESTAURANT CORP, WILLIAM LYNCH A/K/A LIAM LYNCH and MICHAEL O'CONNOR (collectively, "Defendants"), alleges as follows:

<b><u>NATURE OF THE ACTION</u></b>

1.      Plaintiff is a former employee of  BLAGGARDS III RESTAURANT CORP at 8 West 38th Street New York, NY 10018 that was owned and operated by Defendants BLAGGARDS III RESTAURANT CORP, WILLIAM LYNCH A/K/A LIAM LYNCH and MICHAEL O'CONNOR.

2.       Defendants own, operate, and/or controlled a restaurant called Blaggards Pub & Restaurant at 8 West 38th Street New York, NY 10018.

1

3.      Plaintiff ANIBAL SIGARAN was employed by Defendants as a bartender, porter, cashier and general laborer.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5.      Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6.      Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.     Plaintiff ANIBAL SIGARAN ("Plaintiff SIGARAN") is an adult individual residing in Queens, NY. Plaintiff SIGARAN was employed by Defendants at Blaggards Pub & Restaurant from approximately November 2021 to August 2023.

10.      BLAGGARDS III RESTAURANT CORP is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 8 West 38th Street New York, NY 10018.

11.     Blaggards Pub & Restaurant was operated by Defendants WILLIAM LYNCH A/K/A LIAM LYNCH and MICHAEL O'CONNOR.

12.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

13.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH determined the wages and compensation of the employees of Defendants, including Plaintiff.

14.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH issued pay to Plaintiff.

15.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH disciplined Plaintiff.

16.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH supervised the employees and daily operations in Blaggards Pub & Restaurant.

17.     Defendant WILLIAM LYNCH A/K/A LIAM LYNCH had the authority to hire and fire employees and did indeed hire and fire employees for Blaggards Pub & Restaurant, including Plaintiff.

18.     Defendant MICHAEL O'CONNOR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MICHAEL O'CONNOR is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

19.     Defendant MICHAEL O'CONNOR possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

20.     Defendant MICHAEL O'CONNOR determined the wages and compensation of the employees of Defendants, including Plaintiff.

21.     Defendant MICHAEL O'CONNOR had the power to hire and fire employees, including Plaintiff.

22.     Defendant MICHAEL O'CONNOR controlled and/or supervised the payroll practices of Blaggards Pub & Restaurant.

## FACTUAL ALLEGATIONS

23.     Defendant MICHAEL O'CONNOR and WILLIAM LYNCH A/K/A LIAM LYNCH possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other.

25.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

26.     Defendants are experienced restaurant operators and willfully and malicious failed to pay Plaintiff correctly as an intentional business practice.

4

27.     Defendants knew or should have know of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

28.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

30.     In the years 2020 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at BLAGGARDS III RESTAURANT CORP, such as alcoholic beverages, fries, breads, flour, eggs, milk, meats, soft drinks, and cleaning supplies, were produced outside the State of New York.

32.     Plaintiff was individually engaged in interstate commerce by virtue of his processing of credit card transactions on behalf of the Defendants and ordering supplies from out of state, inter alia.

*Plaintiff ANIBAL SIGARAN*

33.     Plaintiff SIGARAN was employed by Defendants from approximately November 2021 to August 2023.

34.     Throughout his employment with defendants, Plaintiff SIGARAN was employed at BLAGGARDS III RESTAURANT CORP as a bartender, porter, cashier and general laborer.

35.    Plaintiff SIGARAN regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

36.    Plaintiff SIGARAN's work duties required neither discretion nor independent judgment.

37.    Plaintiff SIGARAN regularly worked in excess of 40 hours per week.

38.    Between November 2021 to August, 2023, Plaintiff worked six (6) days per week, Monday to Saturday, from 11:00 A.M until between 1:00 A.M. and 2:00 A.M. each day.

39.    During football season, approximately October through September through December, Plaintiff often worked seven (7) days per week from 11:00 A.M until between 1:00 A.M. and 2:00 A.M. each day

40.    Defendants paid Plaintiff entirely in tips without any straight time or overtime pay.

41.    Defendant created completely false time records for Plaintiff that memorialized most of the credit card tips.

42.    Defendants at all relevant times failed to honor all of the requirements necessary to apply the tip credit to Plaintiff's wages.

43.    Defendants failed to give the proper and lawful notices that the Defendants intended to diminish his wages based on his receipt of tips, either under the NYLL or FLSA.

44.    Defendants failed to properly monitor and properly record the amount of tips collected and distributed during the day.

45.    Defendants frequently kept gratuities for themselves on parties larger than six.

46.    Defendants issued more tips to their favorite workers on an unprincipled, discretionary basis.

47.    Defendants required Plaintiff Sigaran to pay out of his own tips for tools and

supplies such as cleaning supplies, shakers, utensils and other items without reimbursing him.

48.    Defendants compelled Plaintiff to pay $40 each Tuesday out of his own tips to a part time employee who cleaned the floors.

49.    Defendants routinely required Plaintiff to spend more than 20% of his shift time or two hours within a day, performing non-tipped duties such as working as a cashier, sweeping and mopping, working the counter, cleaning the restrooms, preparing foods, stocking and ordering inventory and other tasks.

50.    No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

51.    Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

52.    Defendants never provided Plaintiff SIGARAN, any notice in English and in Spanish (Plaintiff SIGARAN's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    By failing to provide these documents, and deliberately creating documents with false and confusing entries, Defendants prevented Plaintiff from precisely monitoring his hours worked and pay received, and also created a false record frustrating Plaintiff's ability to memorialize his income and compensation for ancillary purposes.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

54.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.    Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

56.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

57.    Plaintiff were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

58.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59.    At all times relevant to this action, Defendants were Plaintiff SIGARAN's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff SIGARAN, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

60.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

61.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

62.    Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

63.    Defendants' failure to pay Plaintiff SIGARAN at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

64.    Plaintiff was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

67.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

68.     Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

69.     Plaintiff SIGARAN repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

71.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff SIGARAN less than the minimum wage.

72.     Defendants' failure to pay Plaintiff SIGARAN the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

73.     Plaintiff SIGARAN was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK

## COMMISSIONER OF LABOR

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

76.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

77.     Plaintiff was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

78.     Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

79.     Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

80.     Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

81.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

82.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

83.     Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF FLSA 29 U.S.C. SECTION 215(3) - RETALIATION

84.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

85.     Plaintiff engaged in a protected activity as defined by the FLSA when he complained to Defendants about the manner in which the Defendants paid him.

86.     In response to the protected activity, Defendants communicated false and defamatory rumors to Plaintiff's prospective employers and/or actual employers including false allegations of theft.

11

87.     Defendants uniquely hostile, cruel and oppressive treatment of Plaintiff constitutes retaliation in violation of the Fair Labor Standards Act.

88.     Such treatment was willful, malicious and otherwise in bad faith.

89.     Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION

90.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

91.     Plaintiff engaged in a protected activity as defined by the NYLL when he complained to Defendants about the manner in which the Defendants paid him and/or treated him.

92.     In response to the protected activity, Defendants continued and increased their hostile and oppressive treatment of the Plaintiff.

93.     In response to the protected activity, Defendants communicated false and defamatory rumors to Plaintiff's prospective employers and/or actual employers including false allegations of theft.

94.     Defendants uniquely hostile, cruel and oppressive treatment of Plaintiff constitutes retaliation in violation of the law.

95.     Plaintiff served a notice of this action to the Attorney General at or before the commencement of this action.

96.     Defendants uniquely hostile, cruel and oppressive treatment of Plaintiff constitutes retaliation in violation of NYLL Section 215(1)(a).

97.     Such treatment was willful, malicious and otherwise in bad faith.

98.     Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against

wages;

(i)        Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)        Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)        Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)        Awarding Plaintiff compensatory, punitive and other damages caused by Defendants' retaliatory behavior;

(m)       Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)        Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o)        Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p)        Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(q)        Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)        All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
December 20, 2023

By:    */s/ Colin Mulholland*
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*